In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4249

United States of America,

Plaintiff-Appellee,

v.

Tracy A. Perry,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 99-71-CR-01 B/F--Sarah Evans Barker, Chief Judge.

Argued April 18, 2000--Decided August 1, 2000

Before Flaum, Chief Judge, and Ripple and Williams, Circuit Judges.

Flaum, Chief Judge. Tracy Perry pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. sec. 922(g)(1). He appeals his sentence, and for the reasons stated herein, we affirm.

I. BACKGROUND

On March 30, 1999, Tracy Perry went to a McDonald's on East 38th Street in Indianapolis. He called Kesha Hutchinson, his girlfriend who lived a few blocks away, and asked her to meet him at the McDonald's. When Ms. Hutchinson arrived about five minutes later, she saw Perry involved in an argument with another man. The other man appeared to be threatening Perry with a bottle, and Perry was waving a gun in the air while shouting at the man. Ms. Hutchinson went up to the pair to break up the fight and grabbed Perry by the back of his shirt. Perry swung around, pointed his gun at Ms. Hutchinson, and told her to "shut up."

Perry put the gun in a duffle bag and began to walk with Ms. Hutchinson back to her apartment. Ms. Hutchinson noticed that Perry was very drunk, and she began to be afraid of him. Ms. Hutchinson saw a friend walking near her apartment complex and told the friend that Perry had a gun. The

friend then related this information to a security guard who was working at the entrance to Ms. Hutchinson's complex. A sheriff's deputy happened to be in the area. He stopped Perry near the complex entrance and found the gun in Perry's duffle bag.

Immediately after the incident, Ms. Hutchinson gave a statement to the police that detailed the events of that evening as described above. Perry pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. sec. 922(g)(1), and a sentencing hearing was held. At that hearing, Ms. Hutchinson testified, and her recollection of events matched the account she had given the police on the night of the incident. Perry also testified, claiming that he left the McDonald's immediately after telephoning Ms. Hutchinson and that he was not involved in an argument with another man that night.

The government requested a four-level sentence enhancement for possession of a gun in connection with felony criminal recklessness based on Perry's conduct in waiving the gun at the other man during their argument. The district court found Ms. Hutchinson's version of events credible and granted the government's motion. Perry was sentenced to eighty-four months in prison. He now appeals.

II.  DISCUSSION

Perry argues that the district court erred when it enhanced his sentence under U.S.S.G. sec. 2K2.1(b)(5) for possession of a gun in connection with a felony. The district court based that enhancement on its finding by a preponderance of the evidence that Perry's conduct in waiving a gun at the unknown man at the McDonald's amounted to felony criminal recklessness in violation of Indiana Code 35-42-2-2. Perry contends that the facts as recounted by Ms. Hutchinson and accepted by the trial court support the conclusion that his conduct did not violate that Indiana statute because he was acting in self-defense. He argues that the district court erred by overlooking this affirmative defense in making its determination that he violated Indiana law.

At the sentencing hearing, Perry asserted that Ms. Hutchinson was lying and that there was no encounter with another man at the McDonald's. He did not argue a self-defense theory before the lower court, and the government now asserts that he has waived this argument.

Waiver is the intentional relinquishment of a known right. See United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Staples, 202

F.3d 992, 995 (7th Cir. 2000). Forfeiture, on the other hand, is the failure to make a timely assertion of a right. See Olano, 507 U.S. at 731; Staples, 202 F.3d at 995. "Where waiver is accomplished by intent, forfeiture comes about through neglect." Staples, 202 F.3d at 995. While waived errors are unreviewable, we review forfeited errors under the plain error standard. See Olano, 507 U.S. at 733; Staples, 202 F.3d at 995.

In this case, Perry asserts a theory of self-defense for the first time on appeal. In Indiana, self-defense is an affirmative defense that is "recognized as a valid justification for an otherwise criminal act." Miller v. State, 720 N.E.2d 696, 699 (Ind. 1999). While the State bears the burden of disproving self-defense beyond a reasonable doubt, the defendant bears the burden of production with regard to that defense. See id. at 700; Jackson v. State, 712 N.E.2d 986, 989 (Ind. 1999); United States v. Talbott, 78 F.3d 1183, 1186 (7th Cir. 1996). The burden of production means that a defendant "must produce sufficient evidence to require [the defense's] submission to the jury," or in this case, the sentencing judge. Talbott, 78 F.3d at 1186. Thus, Perry was responsible for asserting the affirmative defense of self-defense before the sentencing court and for putting forth some evidence in support of that defense. It is undisputed that Perry did not argue the self-defense theory below. However, because we construe waiver principles liberally in favor of the defendant, see Johnson v. Zerbst, 304 U.S. 458, 464 (1938); United States v. Brock, 782 F.2d 1442, 1448 (7th Cir. 1986), and because there is no evidence in the record that Perry was aware of his right to assert the affirmative defense of self-defense and intentionally relinquished that right, we conclude that Perry forfeited his claim, rather than waived it. Therefore, we review his assertion of error under the plain error standard.

In order to prevail under plain error review, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" Olano, 507 U.S. at 731 (brackets in the original). As with any standard of review, the defendant must first show that there was an error. In other words, the defendant must demonstrate that "a legal rule was violated during the district court proceedings." Id. at 734. In this case, the district court examined two versions of the evidence presented at the sentencing hearing and concluded that Ms. Hutchinson's version of events was more credible than that recounted by the defendant. Perry has pointed to nothing in the record that demonstrates that the district court erred in its

consideration of the evidence before it. The district court's conclusion that Perry acted with criminal recklessness under Indiana law is amply supported by the record, and the scant evidence that Perry may have been acting in self-defense does not make an alternate conclusion so patently obvious that it was plain error for the district court to find as it did. Because we find no error in the district court's conduct of Perry's sentencing hearing, we affirm the sentence imposed by that court.

III.  CONCLUSION

For the foregoing reasons, Perry's sentence is Affirmed.