NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2009
Decided July 15, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2229

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:07 CR 30 PS |
| ERRICK R. HAWKINS, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Errick Hawkins pleaded guilty to four counts of distributing more than five grams of crack cocaine, 21 U.S.C. § 841(a)(1), and one count of possessing with the intent to sell more than 50 grams of crack cocaine, *id*. He went to trial on a sixth count, for possessing a firearm during a drug trafficking crime, 18 U.S.C. § 924(c), but the government dropped the charge after a hung jury. He received a sentence of 120 months' imprisonment, the statutory minimum. Hawkins has appealed, but his appointed counsel see no potentially meritorious issues for appeal and therefore seek to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). We invited Hawkins to comment on counsel's motion, see CIR. R. 51(b), but he did

not respond, so we review only the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel inform us that Hawkins does not wish to withdraw his guilty plea, so they appropriately avoid any analysis of the voluntariness of the plea or the adequacy of the colloquy. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

In January 2007, a confidential informant working for the FBI purchased crack cocaine from Hawkins on four separate occasions. Each purchase involved over five grams of crack and totaled almost fifty grams. When the FBI searched Hawkins's residence pursuant to a search warrant, it found 83 more grams of crack and five firearms, all nearby the drugs.

After Hawkins pleaded guilty to the drug counts, a probation officer prepared a presentence report calculating an offense level of 29 based on a base offense level of 30 for the drug offenses, see U.S.S.G. § 2D1.1(c)(5), plus 2 points for possessing a firearm, *id.* § 2D1.1(b)(1), less a 3-point reduction for acceptance of responsibility, *id.* § 3E1.1(a) and (b). The probation officer did not assess Hawkins any criminal history points, so his criminal history category was I. Based on total offense level of 29 and a criminal history category of I, the probation officer initially calculated Hawkins's guideline range to be 87 to 108 months imprisonment.[1] See U.S.S.G. § 5A. The probation officer also noted that Hawkins was subject to a ten-year statutory minimum for the possession with intent to sell more than 50 grams of crack, see 21 U.S.C. § 841(a)(1), which produced an adjusted guideline range of 120 months. See U.S.S.G. § 5G1.1(b).

Hawkins objected to the PSR, arguing that the drugs involved in the offense were not crack but another form of cocaine base. At the sentencing hearing, the government called witnesses to prove that the substance was crack cocaine. A police officer, Nathan Eaton, testified that he was familiar with crack cocaine and identified the drugs involved in the offense as crack. Eaton also said that, during an interview with Hawkins when he was arrested, Hawkins admitted to selling crack cocaine. A government chemist further testified that Hawkins's drugs showed signs of baking soda, which is used to make crack cocaine. The district judge discussed the evidence at length and concluded that the government had shown by a preponderance of the evidence that the substance involved in the offense was crack cocaine.

---

[1]It was revealed at sentencing that the probation officer had erred by considering the pure drug seized as opposed to the total drug seized. Had the proper drug weight been used, Hawkins's total offense level would have been 31 and his guideline range 108 to 135 months.

Counsel first consider whether Hawkins could challenge the district court's determination that the substance involved in the offense was crack cocaine. We would review that district court's finding for clear error. *United States v. Padilla*, 520 F.3d 766, 769 (7th Cir. 2008). We agree with counsel that a challenge to the district court's finding as clear error would be frivolous. As counsel point out, there was corroborated evidence that the substance involved was crack cocaine, including the testimony of an investigating agent and chemist at the sentencing hearing, as well as Hawkins's own admission.

Counsel next consider, at Hawkins's request, whether Hawkins would be able to challenge the two-level enhancement under § 2D1.1(b)(1) for possessing a dangerous weapon. Because Hawkins did not object to the enhancement during sentencing, we would review this question for plain error, see *United States v. Perry*, 223 F.3d 431, 433 (7th Cir 2000), and we agree that any such challenge would be frivolous. The sentencing guidelines provide that "the adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." See U.S.S.G. § 2D1.1, Application Note 3. In this case, police found five weapons nearby the large quantity of crack that Hawkins intended to sell. Thus, any argument that the district court plainly erred because it did not find a "clearly improbable" connection between the weapons and guns would certainly fail.

Counsel also note that Hawkins would like to argue that, because the court ultimately dismissed the gun charge after a hung jury, the guns could not be used against him in sentencing. We have rejected this argument with respect to § 924(c) *acquittals*, it certainly would gain no purchase with respect to a hung jury. See *United States v. Morris*, 498 F.3d 634, 645 (7th Cir. 2007). All that matters is whether sufficient evidence supports the district court's finding that Hawkins possessed a weapon in connection with the offense, *id.*, and, as we have already discussed, here the evidence was ample. Moreover, as counsel point out, even if Hawkins were to successfully challenge his § 2D1.1(b)(1) enhancement, he would still be subject to the ten-year statutory minimum.

Finally, we agree with counsel that any challenge to the reasonableness of Hawkins's sentence would be frivolous. Hawkins advocated for the statutory minimum, the judge considered Hawkins's arguments, and the judge could not have given him anything less. See *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

We therefore GRANT counsel's motion to withdraw and DISMISS Hawkins's appeal.