In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1001

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

REGINALD DOSS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cr-00052-1 — **Robert M. Dow, Jr.**, *Judge.*

ARGUED OCTOBER 30, 2013 — DECIDED DECEMBER 20, 2013

Before EASTERBROOK, RIPPLE, and WILLIAMS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Reginald Doss was indicted for, and pleaded guilty to, one count of possessing with intent to use unlawfully or transfer unlawfully five or more identification documents, in violation of 18 U.S.C. § 1028(a)(3); one count of possessing, with intent to defraud, fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The district court sen-

tenced Mr. Doss to seventy-eight months' imprisonment on the first two counts, which were grouped for sentencing purposes. The court further sentenced him to a mandatory, consecutive two-year sentence on count three.[1] Mr. Doss timely appealed his sentence.[2] Although he did not raise the issue in the district court, he now maintains that, in sentencing on the first two counts, the district court erred in imposing a sentencing enhancement under United States Sentencing Guideline § 2B1.1(b)(11)(B), which resulted in an increased sentencing range on these grouped counts. Because we conclude that the district court committed plain error in applying this enhancement, we vacate Mr. Doss's sentence and remand for resentencing.

# I

# BACKGROUND

**A. Facts**[3]

Mr. Doss was the organizer of an identity-theft scheme. He would use stolen identities to create fake identification documents. Other individuals would purchase the fake identification information and documents from Mr. Doss,

---

[1] The district court had jurisdiction based on 18 U.S.C. § 3231.

[2] This court has jurisdiction over the direct appeal pursuant to 28 U.S.C. § 1291.

[3] The factual bases for Mr. Doss's convictions were not elicited at his plea colloquy. We therefore rely on the parties' representation of the undisputed facts as set forth in their briefs.

would obtain credit cards through the use of these materials and then would use the credit cards to purchase goods on Mr. Doss's behalf. Mr. Doss then would resell the goods for profit. Some of the profits were distributed to the individual who had made the purchase; Mr. Doss kept the rest.

The scheme was uncovered when law enforcement officers stopped Mr. Doss's car on September 26, 2007. During the stop, officers discovered that Mr. Doss possessed credit cards and gift cards in other people's names. He also had handwritten notes containing the name, date of birth, Social Security number and telephone number of another individual. The passengers in the car similarly were in possession of false identification. A subsequent search of an apartment in which Mr. Doss was thought to keep his belongings uncovered documents relating to at least forty people. These documents included twenty-eight fake driver's licenses, thirteen fake Social Security cards and eighteen credit cards. Officers also found credit reports and forms for opening credit cards. The names on some of these documents corresponded to the names on the false identification documents that Mr. Doss and his passengers were carrying when they were stopped by police.

Mr. Doss again was pulled over by law enforcement officers on December 3, 2007. At the time of this traffic stop, he possessed a fake driver's license, a handwritten note containing the personal information of a different individual and three gift cards.

**B. District Court Proceedings**

A grand jury returned a three-count indictment against Mr. Doss. Mr. Doss eventually pleaded guilty to the following charges.

Count one charged Mr. Doss with possessing with intent to use unlawfully or transfer unlawfully five or more identification documents, in violation of 18 U.S.C. § 1028(a)(3). This statute reads, in pertinent part:

> (a) Whoever[] … —
>
>   …
>
> > (3) knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentication features, or false identification documents; …
>
> shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 1028(a).

Count two charged Mr. Doss with possessing, with intent to defraud, fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). This statute reads, in pertinent part:

> (a) Whoever—
>
>   …

    (3) knowingly and with intent to defraud possesses fifteen or more devices which are counterfeit or unauthorized access devices; …

    shall, if the offense affects interstate or foreign commerce, be punished as provided in subsection (c) of this section.

18 U.S.C. § 1029(a).

Count three charged Mr. Doss with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). This statute reads, in pertinent part:

    (a) Offenses.—

    (1) In general.—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1).

The Presentence Investigation Report ("PSR") grouped the first two counts for sentencing. With respect to that group calculation, the PSR applied the sentencing enhancement in United States Sentencing Guideline § 2B1.1(b)(11)(B). That guideline section provides, in relevant part: "If the offense involved … (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, … increase by 2 levels." U.S.S.G. § 2B1.1(b)(11). Mr. Doss objected to this increase because he had not "produce[d]" the credit cards and,

as he had not sold the credit cards to anyone else, he also had not "traffick[ed]" in the credit cards.[4] Mr. Doss did not make any other arguments against the application of § 2B1.1(b)(11)(B).

The district court found, and the Government agreed, that Mr. Doss had not "produced" the credit cards. However, the district court concluded that Mr. Doss had trafficked in the credit cards

> in the sense that he is profiting from providing all the information [his confederates] need to get the credit card. He could have done it himself except he is a little more clever than that, and generally, the person who sets it up and hires the henchman is the clever one who doesn't actually go in there and get seen on the video camera, for example, perpetrating the fraud. He is the guy who stays in the car.
>
> But that doesn't make it any less trafficking in my reading of how to apply that Guideline.[5]

The district court therefore adopted the offense level calculation set forth in the PSR, including the two-level increase pursuant to § 2B1.1(b)(11)(B).

The calculated offense level of nineteen corresponded to a sentencing range of sixty-three to seventy-eight months. The district court sentenced Mr. Doss to seventy-eight months' imprisonment on counts one and two. If the district court had

---

[4] R.73 at 11–12.

[5] *Id.* at 26–27.

not applied the two-level increase, the resulting sentencing range would have been fifty-one to sixty-three months.

With respect to count three—aggravated identity theft—the PSR noted that it carried a statutory penalty of two years' imprisonment, which had to run consecutively to any other term of imprisonment. The district court accordingly imposed a consecutive two-year term of imprisonment on count three.

Mr. Doss timely appealed his sentence.

## II

## ANALYSIS

Mr. Doss now argues, for the first time, that Application Note 2 to United States Sentencing Guideline § 2B1.6 precluded the district court from applying the two-level enhancement set forth in § 2B1.1(b)(11)(B) for "trafficking of any … unauthorized access device or counterfeit access device." Mr. Doss did not raise this issue before the district court; our review is therefore for plain error. We shall "reverse the determination of a district court only when we find: (1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of judicial proceedings." *United States v. Anderson*, 604 F.3d 997, 1002 (7th Cir. 2010) (citing *United States v. Olano*, 507 U.S. 725, 736 (1993)).[6]

---

[6] In his brief, Mr. Doss asserts that "the appropriate standard of review is *de novo*." Appellant's Br. 11. We apply plain error review, however, to

(continued...)

Guideline § 2B1.6 governs violations of 18 U.S.C. § 1028A (count three). It provides that, "[i]f the defendant was convicted of violating 18 U.S.C. § 1028A, the guidelines sentence is the term of imprisonment required by statute"—a two-year sentence to run consecutively to the sentence for the underlying offense. U.S.S.G. § 2B1.6. Application Note 2 also sets forth how § 2B1.6 interacts with other guidelines; it provides:

> Inapplicability of Chapter Two Enhancement.—If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

U.S.S.G. § 2B1.6 cmt. n.2. If, therefore, Mr. Doss's "trafficking of any … unauthorized access device or counterfeit access device," U.S.S.G. § 2B1.1(b)(11)(B), as found by the district court, also constitutes "the transfer[] … of a means of identifi-

---

[6] (...continued)

sentencing arguments that were not made before the district court. *See, e.g.*, *United States v. Walsh*, 723 F.3d 802, 810–11 (7th Cir. 2013) (applying plain error review to a defendant's claim, made for the first time on appeal, that the district court had erred in applying a specific sentencing enhancement).

cation" under Application Note 2 to § 2B1.6, the district court should not have applied the two-level enhancement under § 2B1.1(b)(11)(B).

To determine whether Application Note 2 precludes the enhancement applied here, we begin with the term "[m]eans of identification" in the text. According to Application Note 2, "'[m]eans of identification' has the meaning given that term in 18 U.S.C. § 1028(d)(7)." U.S.S.G. § 2B1.6 cmt. n.2. Turning to that statute, 18 U.S.C. § 1028(d)(7) provides:

> (7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
>
> (A) *name, social security number, date of birth, official State or government issued driver's license or identification number*, alien registration number, government passport number, employer or taxpayer identification number;
>
> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>
> (C) unique electronic identification number, address, or routing code; or
>
> (D) telecommunication identifying information *or access device* … [.]

18 U.S.C. § 1028(d)(7) (emphasis added).

As we have noted earlier, the district court applied the enhancement under § 2B1.1(b)(11)(B) because Mr. Doss had provided his cohorts with personal identification information, such as Social Security numbers and driver's licenses, from which he ultimately derived a profit. Such information falls squarely within the definition of "[m]eans of identification" for purposes of the application note to § 2B1.6.[7]

Moreover, Mr. Doss's "trafficking" in those devices (as required for the enhancement under § 2B1.1(b)(11)(B)) constituted a "transfer" for purposes of Application Note 2 to § 2B1.6. The district court found that Mr. Doss qualified for the trafficking enhancement under § 2B1.1(b)(11)(B) because he had transferred information to those working for him so that they could obtain credit cards to purchase goods. The district court's understanding of "trafficking" is supported by the statutory definition. Section 1029(e)(5) of Title 18[8] provides that "'traffic' means *transfer*, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of." (emphasis added). Additionally, the two courts of appeals that have addressed the issue also have concluded that trafficking necessarily involves a transfer for purposes of § 2B1.6. *See United States v. Lyons*, 556 F.3d 703, 708 (8th Cir. 2009) (holding that, "[g]iven that the plain meaning of traffick-

---

[7] We also note that "[m]eans of identification" specifically includes "access device," a necessary element for the enhancement under § 2B1.1(b)(11)(B).

[8] Mr. Doss's conviction on count two was for a violation of 18 U.S.C. § 1029(a)(3), and subsection (e) provides the definitions for the offenses set forth in that section.

ing involves a transfer, the enhancement in § 2B1.1(b)(10)(B)(i)[9] for trafficking of an unauthorized access device is one such specific offense characteristic that cannot be applied" under Application Note 2 to § 2B1.6); *United States v. Jones*, 551 F.3d 19, 25 (1st Cir. 2008) ("Considering the plain meaning of the words, we conclude that Jones' trafficking of a means of identification involved a transfer (though the reverse is not necessarily true).").

Here Application Note 2 to § 2B1.6 precluded the increase under § 2B1.1(b)(11)(B) for trafficking in unauthorized access devices because, at least under the facts presented here, that trafficking constituted a "transfer[] … of a means of identification." The district court, therefore, erred in applying the enhancement under § 2B1.1.

As noted previously, however, Mr. Doss failed to raise this issue before the district court and therefore must satisfy the plain error standard in order to obtain relief. The Government concedes that the district court's error meets this standard, and we agree. The district court's error here is "plain." Mr. Doss's actions, for which the court applied the increase under § 2B1.1(b)(11)(B), clearly fall within the purview of the application note. Additionally, the error affected Mr. Doss's substantial rights because it increased his guidelines range: Without the enhancement, Mr. Doss's range would have been fifty-one to sixty-three months; with the enhancement, Mr. Doss's range was sixty-three to seventy-eight months. *See United States v.*

---

[9] Section 2B1.1(b)(10)(B)(i) was renumbered § 2B1.1(b)(11)(B)(i) in the 2011 Guidelines.

*Johns*, 732 F.3d 736, 740 (7th Cir. 2013) ("The misapplication of the enhancement increased the offense level and resulted in an improper guidelines range, which affected Johns's substantial rights."). Finally, "we elect to exercise our discretion to correct the error because we believe the error impacted the fairness of the proceedings." *United States v. Jaimes-Jaimes*, 406 F.3d 845, 851 (7th Cir. 2005). As we noted in *Jaimes-Jaimes*, Mr. Doss "may have failed to notice the sentencing error, but so did defense counsel, the Assistant United States Attorney, the probation officer, and the district court judge, and we conclude that it would be unjust to place the entire burden for these oversights on [him] by permitting him to serve an excessive prison sentence." *Id.* Mr. Doss, therefore, has met the requirements for plain error. His sentence must be vacated and the case remanded for resentencing.

## Conclusion

For the reasons set forth above, we vacate the district court's sentence and remand for resentencing consistent with this opinion.

SENTENCE VACATED; REMANDED