In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3409

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEVON M. JENKINS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:12-cr-30239— **G. Patrick Murphy**, *Judge.*

ARGUED SEPTEMBER 15, 2014 — DECIDED DECEMBER 1, 2014

Before FLAUM, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* In 2011, Jevon Jenkins pled guilty in Illinois state court to one felony count of Aggravated Unlawful Use of a Weapon ("AUUW"), in violation of 720 ILCS 5/24-1.6(a)(1). He received a sentence of probation. Following Jenkins's conviction, both this court and the Supreme Court of Illinois held the portion of the AUUW statute under which he was convicted to be facially unconstitutional.

In October of 2013, Jenkins pled guilty in United States District Court to one count of aiding and abetting a kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2) and received a federal sentence of 168 months.

In Jenkins's federal presentence report, the probation officer recommended three criminal history points due to the prior Illinois AUUW conviction. The district court adopted those findings and assessed a resultant criminal history category of III. The district court determined that this category, combined with Jenkins's offense level of thirty-three, resulted in a sentencing range of 168–210 months.

In this federal appeal, Jenkins argues that the district court erred when it assessed three criminal history points based on Illinois's constitutionally invalidated AUUW statute. Jenkins argues that he should have been assessed only one criminal history point and a criminal history category of I, which would have resulted in a sentencing range of 135–168 months. Because the criminal history points assessed by the district court were plainly erroneous, we vacate and remand for resentencing.

## I. BACKGROUND

*A. Facts and Procedural History*

In July 2012, Jevon Jenkins ("Jenkins"), his brother Antwon Jenkins ("Antwon"), and several other individuals participated in the kidnapping of victim Amir Hunt. Antwon claimed that

Hunt had stolen money and an Xbox video gaming console from his home in Cahokia, Illinois. In an attempt to recover the purportedly stolen property, Antwon lured Hunt to a residence in East St. Louis, Illinois. There, the perpetrators attempted to force a confession from Hunt by severely beating him and threatening to further injure or kill him. The victim insisted that he had not stolen the property.

Antwon and several other participants eventually placed Hunt into Antwon's truck and transported him into Missouri. Antwon twice stopped the truck and threatened to kill Hunt if he did not turn over the items. During the second stop, Antwon ordered Hunt out of the truck and instructed him to lie on his stomach, so that he could be shot. Hunt instead fled into a nearby wooded area. A Missouri State Highway Patrolman later found him severely injured on the side of the road. The allegedly stolen property was found later that day at Antwon's residence in Cahokia.

Jenkins was indicted by a federal grand jury and charged that he "did unlawfully seize, confine, inveigle, kidnap, abduct, or carry away, and hold for ransom or reward or otherwise, [Hunt] and did wilfully transport [Hunt] in interstate commerce" in violation of 18 U.S.C. §§ 1201(a)(1) and (2). Jenkins ultimately entered an open plea of guilty, and the case proceeded to sentencing.

The district court held Jenkins's sentencing hearing on October 28, 2013. In advance of sentencing, the United States Probation Office ("Probation") prepared and submitted a

presentence report ("PSR"). Probation assigned a base offense level of thirty-two. It recommended four additional levels: two because the victim sustained serious bodily injury, and two because a dangerous weapon was used during the offense. Probation then recommended deducting three levels for acceptance of responsibility, resulting in a total offense level of thirty-three.

Probation then assessed Jenkins's prior criminal history, assigning four criminal history points. Three of these points arose from a 2011 firearms conviction in St. Clair County, Illinois: one point for the conviction itself and two points because Jenkins was on probation for the firearms offense when he committed the instant offense.[1] The PSR did not specify the specific statutory provision under which Jenkins was convicted—it referred to the offense simply as "Aggravated Unlawful Use of Weapon." Based on the sentencing table in U.S.S.G. Chapter 5, Part A, four criminal history points resulted in a criminal history category of III. Given the offense level of thirty-three and the criminal history category of III, Jenkins faced a guideline range of 168–210 months.

Jenkins objected to the PSR's two-level dangerous weapon enhancement. The district court overruled the objection and adopted the range of 168–210 months. The government recommended a sentence of 210 months, and Jenkins recom-

---

[1] Probation also assessed one point for an unrelated conviction that is not at issue in this appeal.

mended a sentence of 120 months. The district court then sentenced Jenkins to 168 months.

### B. Moore *and* Aguilar

The firearms offense referenced in the PSR resulted from Jenkins's May 2011 guilty plea to the felony of Aggravated Unlawful Use of a Weapon, in violation of 720 ILCS 5/24-1.6(a)(1). He was given eighteen months' probation and assessed a $1,170 fine.

In December 2012, under a facial challenge, this court held that the provisions of the AUUW statute under which Jenkins was convicted violated the Second Amendment's right to bear arms for self-defense outside the home. *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), *reh'g en banc denied*, 702 F.3d 901 (7th Cir. 2013). We stayed the mandate for 180 days to allow the State of Illinois the opportunity to revise the law.

In September of 2013, the Supreme Court of Illinois held that the statute violated the Second Amendment, finding 720 ILCS 5/24-1.6(a)(1) to be facially unconstitutional. *People v. Aguilar*, 2 N.E.3d 321, 328 (Ill. 2013).

Jenkins was sentenced one month after the *Aguilar* decision was rendered. He did not raise any objections in the district court to the assessment of points for the AUUW conviction. The St. Clair County Circuit Court vacated Jenkins's AUUW conviction on May 2, 2014. *Agreed Order Granting Defendant's*

*Petition for Post-Judgment Relief*, People v. Jenkins, No. 2010-CF-678 (Cir. Ct. St. Clair Co., May 2, 2014).

## II.   ANALYSIS

Jenkins raises only one argument on appeal. He argues that the district court erred when it relied on his conviction under 720 ILCS 5/24-1.6(a)(1) to assign him three criminal history points and a resulting criminal history category of III. Because the statute had already been held facially unconstitutional at the time of sentencing, Jenkins argues that the district court erred in considering that conviction for the purposes of sentencing.

### A.   Waiver and Forfeiture

To decide Jenkins's claim, we must first determine whether Jenkins waived or forfeited his argument below. We typically review procedural errors at sentencing *de novo*. *United States v. Samuels*, 521 F.3d 804, 815 (7th Cir. 2008). If, however, Jenkins waived his argument below, appellate review is precluded. *United States v. Jaimes-Jaimes*, 406 F.3d 845 (7th Cir. 2005). If the defendant failed to raise the relevant objection below via forfeiture, we review for plain error. *United States v. Martin*, 692 F.3d 760, 766 (7th Cir. 2012).

The government argues that Jenkins waived his right to challenge the assessment of points for the AUUW conviction. Waiver occurs when a defendant intentionally relinquishes a known right. *Jaimes-Jaimes*, 406 F.3d at 847. The government

asks us to infer that Jenkins knew about and intentionally chose not to raise the AUUW argument, noting that Jenkins was represented by counsel, reviewed the PSR, and raised a different objection to the PSR's assessment of points.

We decline to draw the inference suggested by the government. Without the three points attributable to the AUUW conviction, Jenkins would have been assessed a criminal history category of I. The Guidelines recommendation for Jenkins's sentence under those circumstances—a criminal history category I and an offense level of thirty-three—would have been 135–168 months. This significantly changes the low-end of Jenkins's sentencing range by thirty-three months, or just under three years.

We can conceive of no reason why Jenkins would have intentionally relinquished an objection certain to result in a lower criminal history score and sentencing range, nor has the government offered one. *See United States v. Brodie*, 507 F.3d 527, 532 (7th Cir. 2007); *see also Jaimes-Jaimes*, 406 F.3d at 848. In addition, we have consistently held that waiver principles should be construed liberally in favor of the defendant. *Jaimes-Jaimes*, 406 F.3d at 848-49; *United States v. Sumner*, 265 F.3d 532, 539 (7th Cir. 2001); *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001); *United States v. Perry*, 223 F.3d 431, 433 (7th Cir. 2000). For these reasons, we find that Jenkins did not waive this objection below.

Rather, we find that Jenkins's failure to object to the PSR's inclusion of the AUUW conviction resulted from "an oversight

by defense counsel and was therefore accidental rather than deliberate." *Jaimes-Jaimes*, 406 F.3d at 848. This is the hallmark of forfeiture, which is the failure to timely assert a right. *United States v. Olano,* 507 U.S. 725, 733 (1993). Jenkins's trial counsel negligently overlooked the objection and failed to put forward an argument that would have resulted in a lower criminal history score for his client.

Indeed, not only did defense counsel overlook the error, but the Assistant United States Attorney and Probation did so as well. As a result, the error was not brought to the attention of the district court.

As we have previously noted, "it would be unjust to place the entire burden for these oversights on [the defendant]." *United States v. Doss*, 741 F.3d 763, 768 (7th Cir. 2013). We adhere to our prior holdings that a defendant's failure to object to a criminal history calculation subjects him to plain error review on appeal. *See United States v. Fluker,* 698 F.3d 988, 1003 (7th Cir. 2012). We apply that standard of review here.

### B.   *Plain Error in Criminal History Point Assessment*

Under the plain error standard, "we will reverse the district court's sentencing determination only when we find: (1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 334 (2013).

We have repeatedly held that "a sentencing based on an incorrect Guidelines range constitutes plain error and warrants a remand for resentencing, unless we have reason to believe that the error in no way affected the district court's selection of a particular sentence." *United States v. Love*, 706 F.3d 832, 841 (7th Cir. 2013) (internal brackets and quotation marks omitted). Jenkins's sentence was based on an incorrect guideline range and warrants remand.

Under the Sentencing Guidelines, a defendant is assessed one point for any prior conviction for which less than sixty days' imprisonment was imposed, and two additional points if the defendant committed the instant offense while under a prior criminal justice sentence, including probation. U.S.S.G. § 4A1.1(c), (d). But an exception to that rule appears in Application Note 6 to § 4A1.2:

> Reversed, Vacated, or Invalidated Convictions. –
> Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted.

Subsection (B) imposes two requirements in order for a prior sentence to result in an assessment of zero points: (i) the sentence resulted from a conviction that was ruled constitutionally invalid; and (ii) that ruling occurred in a prior case. Jenkins's sentence following his AUUW conviction meets both of those requirements. Under the plain language of

subsection (B), therefore, the three points assigned by the trial court as arising from Jenkins's AUUW conviction should not have been counted. Jenkins should have been assigned only one criminal history point.

Both this court and the Supreme Court of Illinois held the applicable portion of the AUUW statute to be constitutionally invalid. *Moore*, 702 F.3d at 942; *Aguilar*, 2 N.E.3d at 328. In Illinois, when a statute is held to be facially unconstitutional, it is deemed *void ab initio*—that is, "as if the law never existed." *People v. Tellez-Valencia*, 723 N.E.2d 223, 225 (Ill. 1999); *People v. Carrera*, 783 N.E.2d 15, 23 (Ill. 2002). The Supreme Court of Illinois has held that the *void ab initio* doctrine's effect is to render a defendant's conviction void because "the statute under which [the defendant] was charged and prosecuted *was not in effect* when the alleged offenses occurred." *Tellez-Valencia*, 188 Ill.2d at 526  (holding that even the defendants' charging instruments failed to state an offense because the authorizing statute was later held facially unconstitutional) (emphasis added). Indeed, the government does not appear to contend that Jenkins's conviction and sentence were anything other than void at the time of his sentencing for the instant offense. Jenkins therefore satisfies the first requirement of subsection (B), that his sentence was ruled constitutionally invalid.

Jenkins also fulfills the rule's second requirement: his sentence was ruled constitutionally invalid "in a prior case." Jenkins was sentenced after both *Moore* and *Aguilar* were decided: *Moore* predated Jenkins's sentencing by ten months,

and *Aguilar* by one month. *Moore* and *Aguilar* are both, therefore, prior cases.

The government argues, however, that Jenkins does not satisfy the "prior case" requirement and that there was therefore no error in this case. The government asks us to construe the words "in a prior case" to require that a defendant's sentence have been ruled constitutionally invalid *by the specific court that imposed the sentence*. Under that reading, because this court and the Supreme Court of Illinois invalidated the AUUW statute, as opposed to the St. Clair County Circuit Court, Jenkins's sentence was not "held constitutionally invalid in a prior case." We cannot adopt the government's proposed construction.

First, the government's reading would require us to inject language into the rule that is not present—a practice that we ordinarily resist. *See Dean v. United States,* 556 U.S. 568 (2009). Second, the government's construction would require us to read the rule's indefinite article "a" to mean "the" prior case, contrary to the provision's plain language. And finally, the government's proposed reading ignores the fact that a decision by the Supreme Court of Illinois is binding on all lower courts, including the court that convicted Jenkins. The Supreme Court's holding in *Aguilar* renders the convictions entered in any court in the state of Illinois invalid, including in the Circuit Court of St. Clair County.

We therefore conclude that under Application Note 6 to Section 4A1.2, the trial court erred when it assigned three

criminal history points as arising from Jenkins's previously invalidated AUUW conviction. Jenkins should have been assessed only one criminal history point.

The government argues in the alternative that any error in the assignment of criminal history points is not plain. According to the government, because the PSR's presentation of the AUUW conviction "appeared facially valid" to the district court, the error in point assignment cannot be plain. We reiterate the consistent holding of this court that "a sentencing based on an incorrect guidelines range constitutes plain error." *Love,* 706 F.3d at 841. A district court's adoption of erroneous information in a PSR that results in an incorrect Guidelines range, however correct such information appears, constitutes plain error on review. *See United States v. Martin*, 692 F.3d 760, 766 (7th Cir. 2012) (finding plain error where PSR misstated the applicable guidelines range for particular offenses*); United States v. Garrett*, 528 F.3d 525, 529 (7th Cir. 2008) (finding plain error where PSR erroneously included an ineligible misdemeanor conviction in its criminal history point count); *Jaimes-Jaimes*, 406 F.3d at 850 (7th Cir. 2005) (finding plain error where PSR incorrectly characterized an offense as a crime of violence).

We have no reason to believe that the district court was unaffected by the error and that it would not have imposed a lower sentence if able to do so. *See United States v. Wallace*, 32 F.3d 1171, 1174 (7th Cir. 1994) (holding that "[a]lthough the sentencing that the district court selected in this case is within the correct as well as the incorrect Guidelines range, we must

remand unless we have reason to believe that the error did not affect the district court's selection of a particular sentence"). The error affected Jenkins's substantial rights, because it increased his sentencing range from 135–168 months to 168–210 months. We elect to exercise our discretion to correct the error, because the increase in sentencing range impacted the fairness of the proceedings.

### III.   CONCLUSION

Jenkins's sentence is VACATED, and this case is REMANDED to the district court for resentencing.