**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued July 10, 2019
Decided July 19, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 18-2676 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> HUA QING FONG, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:16-CR-00434(1) <br> Charles R. Norgle, *Judge.* |

## Order

Hua Fong pleaded guilty to attempted robbery, unlawful possession of a firearm, and conspiring to traffic marijuana; he was sentenced to 120 months' imprisonment. When calculating the Guidelines range, the district court added two levels for using a gun, U.S.S.G. §2D1.1(b)(1), and two more for threatening violence, §2D1.1(b)(2). On appeal Fong challenges these enhancements.

Fong distributed more than 100 kilograms of marijuana and collected proceeds estimated at $550,000 to $700,000. He sent couriers to California with tens of thousands of dollars in cash to purchase marijuana.

While Fong was engaged in this drug-distribution business, at least $50,000 (and perhaps as much as $250,000) was stolen from his home. Most witnesses believed that some of the stolen cash came from marijuana sales. Fong believed that his ex-girlfriend and her new boyfriend were responsible for the theft.

Fong set out to recover the cash. He recruited members of his street gang (the "Black Shadows") to rob the couple's apartment. Fong obtained a MAC-10 style firearm and gave it to one of the gang members for use during the robbery, and he told the participants to beat up anyone in the apartment. The gang members broke into the apartment and did not find the stolen money, but they did take other items, including electronics and jewelry.

Fong pleaded guilty to attempted robbery in violation of the Hobbs Act, 18 U.S.C. §1951(a), unlawful possession of a firearm by a person convicted of a felony, 18 U.S.C. §922(g)(1), and conspiracy to distribute marijuana, 21 U.S.C. §§ 841, 846. A probation officer prepared a presentence investigation report calculating an offense level of 28 and criminal history category of III. The officer declined to recommend two two-level enhancements that the government proposed. But the officer did not recommend an enhancement for use of a weapon in connection with a drug-trafficking offense, because, in the officer's view, evidence did not show that the firearm was present during any drug transactions. The officer did not recommend an enhancement for directing or threatening violence in connection with drug trafficking, because the robbery victims were not actually threatened or harmed.

The prosecutor objected to the PSR and argued that the robbery—for which Fong procured the firearm and directed others to use violence—was conducted to retrieve money that Fong needed for, and planned to use in, marijuana distribution. The court agreed with this view. It found, first, that the weapon was used to recover stolen drug proceeds and, second, that Fong contemplated the use of violence with the robbery. The enhancements boosted Fong's offense level to 32, which, when combined with his criminal history category of III, yielded a Guidelines range of 151 to 188 months' imprisonment. After considering the statutory factors, see 18 U.S.C. §3553(a), however, the court concluded that the range was too high and that a 120-month sentence was sufficient to provide deterrence and "not to deprecate the seriousness of what the defendant has done."

Fong argues in this court that the judge improperly found that the attempted robbery was related to the marijuana conspiracy. We review for clear error the district court's factual finding of whether the offenses were related. See *United States v. Flores-Olague*, 717 F.3d 526, 530 (7th Cir. 2013). In Fong's view, the robbery was just part of a personal dispute unrelated to his drug trafficking.

But the prosecution submitted significant evidence that Fong handled—indeed required—large sums of cash while trafficking marijuana. Any entrepreneur, even an illegal one, needs working capital, and when that money disappears the business operation suffers. The district court permissibly inferred that the robbery, if successful, would have helped Fong carry on his drug-distribution business. See *United States v. Luster*, 480 F.3d 551, 557 (7th Cir. 2007). This finding supports both the firearm enhancement and the threat-of-violence enhancement.

Fong also argues that, even if the district court was entitled to connect the attempted robbery to the marijuana conspiracy, the court erred by not grouping those counts under §3D1.2. He says that the judge "implicitly ruled that the offenses were 'closely related'" when it enhanced the conspiracy offense level based on robbery conduct, thereby triggering the grouping requirement.

The prosecutor asserts that Fong waived this argument by not presenting it to the district court. Yet until the hearing Fong had no reason to urge the court to group the offenses, because the probation office had agreed with him that the attempted robbery and drug conspiracy were unrelated. A lack of objection to this part of the PSR therefore does not waive any rights. And the judge did not address grouping during the course of the hearing. Fong merely did not present this argument to the district court after the judge ruled against him on the prosecutor's challenges to the PSR. This silence forfeits rather than waives the point, and appellate review is for plain error. See *United States v. Jenkins*, 772 F.3d 1092, 1096 (7th Cir. 2014).

The district court did not plainly err by not grouping the armed robbery and marijuana conspiracy offenses. Fong argues that offenses must be grouped if they are "closely related," see U.S.S.G. §3D1.2 cmt. n.5, but crimes involving different victims (as is the case here) are grouped only when one of the counts "embodies conduct that is treated as a specific offense characteristic in, or other adjustment to" the other or when the offense level is based on aggregate harm, §3D1.2. Drug trafficking is not a specific offense characteristic of robbery, see §2B3.1, and robbery is not a specific offense characteristic of drug trafficking, see §2D1.1. Nor are the harms of the crimes substantially the same. Thus the district court did not plainly err. See *United States v. Vucko*, 473 F.3d 773, 779–80 (7th Cir. 2007).

AFFIRMED