# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-3006
_____

United States of America

*Plaintiff - Appellee*

v.

Dale Dexter Morrow, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted:  September 23, 2019
Filed:  October 10, 2019
[Unpublished]
_____

Before GRUENDER, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Dale Dexter Morrow appeals his sentence, arguing that it is substantively unreasonable.  After the parties submitted their briefs, Morrow filed a motion to file supplemental briefing.  He claimed that he was assigned criminal history points for a conviction based on an invalidated Illinois statute.  *See* 720 Ill. Comp. Stat. 5/24-1.6.  We ordered the parties to file supplemental briefing.

The parties agree that plain error review applies. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) ("There must be an error that is plain and that affect[s] substantial rights." (internal quotation marks omitted and alteration in original)). In the Government's supplemental brief, it acknowledged that Morrow was assessed three criminal history points based on a statute invalidated by the Illinois Supreme Court and that the error is plain. *See People v. Aguilar*, 2 N.E.3d 321 (Ill. 2013). The Government also conceded that the error affects Morrow's substantial rights. *See United States v. Jenkins*, 772 F.3d 1092, 1097 (7th Cir. 2014) (holding that assigning a defendant three criminal history points under 720 Ill. Comp. Stat. 5/24-1.6 was plain error, vacating the sentence, and remanding for resentencing). Both parties request that we remand the case for resentencing.

We thus vacate the sentence and remand the case to the district court for resentencing.

_____