NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 10, 2020
Decided November 19, 2020

*Before*

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1367

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18CR00387 |
| COLET BRUNER, *Defendant-Appellant.* | James P. Hanlon, *Judge.* |

**O R D E R**

Colet Bruner, who was convicted in 2016 of the crime of strangulation, pleaded guilty two years later to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). He received a sentence of 72 months in prison followed by 3 years of supervised release. Bruner appeals from that sentence, but counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and potential issues an appeal of this kind would be expected to involve. Because his analysis appears thorough and Bruner

has not responded to the motion, *see* 7TH CIR. R. 51(b), we limit our review to the issues counsel discusses, *see United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Counsel advised Bruner of the risks and benefits of challenging his plea, and Bruner stated that he does not wish to do so; counsel's brief therefore properly omitted discussion of the voluntariness of Bruner's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first discusses whether Bruner could reasonably argue that the judge procedurally erred in determining his Sentencing Guidelines range and correctly concludes that he could not. *See United States v. Barnes*, 660 F.3d 1000, 1008 (7th Cir. 2011). After Bruner reviewed the presentence investigation report with his lawyer, he did not object to the calculation of an offense level 17, a criminal-history category VI, and a recommended Guidelines range of 51 to 63 months in prison and 1 to 3 years of supervised release. Because he did not object, our review of the court's adoption of that range would be for plain error. *United States v. Jenkins*, 772 F.3d 1092, 1096 (7th Cir. 2014).

We agree with counsel that Bruner could not show such error. Following the PSR, the judge correctly excluded Bruner's juvenile convictions, U.S.S.G. § 4A1.2(c)(2); rightly used a base offense level of 20 because his prior felony for strangulation was a crime of violence, *id.* § 2K2.1(a)(4)(A); and properly reduced it by three levels to 17 for accepting responsibility, *id.* § 3E1.1(a)–(b). Likewise, the judge properly adopted the PSR's correct calculation of 17 criminal-history points. *Id.* § 4A1.1. This history included illegal drug and gun possession, driving while intoxicated, pandering prostitution, and strangulation—placing him in category VI. (A plain error of five points would be needed to move Bruner to the next lower category, *see id.* Sentencing Table, and counsel correctly sees no errors.)

We further agree with counsel that Bruner could not plausibly argue that the prison term of 11 months over the top of the Guidelines range was substantively unreasonable. *See Barnes*, 660 F.3d at 1008. We will affirm an above-guidelines sentence as long as the judge provides an adequate statement of the reasons for the sentence. *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016); *United States v. Fogle*, 825 F.3d 354, 359 (7th Cir. 2016). The judge did so here. He reasoned that Bruner's argument about aging out of criminality was outweighed and refuted by his "off the chart" criminal history: his crime of strangulation was recent, and he repeatedly committed drug, drinking, gun, and sex offenses. From this history the court permissibly concluded that an upward variance from the Guidelines range was necessary to reflect the seriousness

of his new crime, protect the public, deter further criminal conduct, and promote respect for the law. 18 U.S.C. § 3553(a)(2). Furthermore, although the court is not obligated to explain each sentencing factor under § 3553(a) "in checklist fashion," the judge offered to do so here, and Bruner declined the offer. *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008).

Counsel next considers whether Bruner may challenge the term and conditions of his three-year supervised release and correctly determines that any argument would be pointless. First, the three-year term is authorized by statute. 18 U.S.C. § 3583(b)(2). Second, that term is also within the Guidelines range, U.S.S.G. § 5D1.2(a)(2), so it is presumptively reasonable, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014). Neither counsel nor we discern any basis for rebutting that presumption. Finally, Bruner had the chance to object to any of the conditions of release but did not, so he relinquished his right to appeal any claimed error. *United States v. Flores*, 929 F.3d 443, 449–50 (7th Cir. 2019).

Finally, counsel considers whether Bruner might plausibly challenge the court's imposition of a $500 fine but correctly concludes that the challenge would be frivolous. Even though the PSR found Bruner to be indigent, fining him would be error only if Bruner could show that he "is not likely to become able to pay *any* fine." U.S.S.G. § 5E1.2(a) (emphasis added); *see United States v. Lee*, 950 F.3d 439, 444 (7th Cir. 2020). Bruner could not make that showing. The $500 fine is nominal in relation to the statutory maximum of $250,000 and the Guidelines minimum of $10,000. Moreover, we have upheld the imposition of "limited fine[s]" payable from prison earnings. *United States v. Riley*, 493 F.3d 803, 811 (7th Cir. 2007). The judge described the fine as "an incentive for [Bruner] to participate in prison industries," a comment that accords with *Tapia v. United States*, 564 U.S. 319, 334 (2011), which permits a court to "discuss[] the opportunities for rehabilitation" during an otherwise proper prison term.

We GRANT the motion to withdraw and DISMISS the appeal as frivolous.