In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-1390

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH THOMPSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 22-cr-30073 — **Colleen R. Lawless**, *Judge.*

ARGUED FEBRUARY 4, 2025 — DECIDED MARCH 3, 2025

Before SYKES, *Chief Judge*, and EASTERBROOK and PRYOR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge*. When sentencing Ralph Thompson to 150 months' imprisonment for distributing heroin, fentanyl, and an analogue of fentanyl, the district judge observed that Thompson had nine other felony convictions and had not shown any sign of reform. That justified a long sentence to promote both deterrence and incapacitation.

The presentence report listed Thompson's convictions. He and his lawyer did not contend that this list contained an error. Nonetheless, on appeal Thompson maintains that one of the nine is invalid. It was plain error, Thompson insists, for the district judge to state that he has nine rather than eight prior convictions.

To establish plain error a litigant must show not only a mistake that is plain (at least in retrospect) but also prejudice and a miscarriage of justice if the error is allowed to stand uncorrected. See, e.g., *United States v. Olano*, 507 U.S. 725 (1993); *United States v. Page*, 123 F.4th 851 (7th Cir. 2024) (en banc). (Our summary is much shorter than the controlling passages of *Olano* and *Page*; we do not intend to change the standard but only to identify its elements.)

Thompson fails at the prejudice step. The district court treated him as a career offender under the Sentencing Guidelines, U.S.S.G. §4B1.1, and it takes only two prior felony convictions for drug offenses or crimes of violence to fall into that category. He does not deny that he has enough qualifying convictions without resort to the one he now contests. Nor did the district judge say anything suggesting that the difference between eight and nine prior convictions mattered to the exercise of discretion. It was Thompson's record as a whole, not any one conviction, that impressed the district judge with his incorrigibility. Even so, the 150-month sentence is below the lowest point in the range of 188 to 235 months that the Guidelines prescribe for a career offender with an offense level of 31. It is impossible to see how the contested ninth conviction could have affected his sentence.

This makes it unnecessary to decide whether considering that conviction—for aggravated unlawful use of a weapon, in

violation of 720 ILCS 5/24-1.6(a)(1)—was error in the first place. Thompson does not deny that he was indeed convicted of violating that statute. Nor does he deny that he committed the acts with which he was charged. Instead he observes that *People v. Aguilar*, 2013 IL 112116, issued six years after his conviction, deemed §5/24-1.6(a)(1) invalid under the Constitution's Second Amendment (applied to the states by the Fourteenth) because until July 2013 Illinois did not issue licenses allowing most people to carry guns in public. See also *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022).

Thompson maintains that a federal district court must treat the conviction as void, even though it has never been subject to a pardon, collateral relief, or any other formal determination of invalidity. *United States v. Jenkins*, 772 F.3d 1092 (7th Cir. 2014), provides some support for the proposition that federal courts must disregard convictions under the version of §5/24-1.6(a)(1) that predated the 2013 amendments. But *Jenkins* did not try to explain how that approach could be reconciled with *Custis v. United States*, 511 U.S. 485 (1994).

*Custis* considered the extent to which a defendant in a federal prosecution could contest the validity of a conviction used to enhance a sentence under 18 U.S.C. §924(e) (the Armed Career Criminal Act). It held that federal law does not permit a defendant to ask a federal sentencing judge to rule on the validity of a prior conviction. Instead, the Court held, the defendant must seek relief in a separate proceeding and return to the sentencing court only if successful in having the conviction set aside. See also *Johnson v. United States*, 544 U.S. 295 (2005); *Daniels v. United States*, 532 U.S. 374 (2001). *Custis* recognized a single exception: a conviction obtained in

violation of the right to counsel under the Sixth Amendment must not be used when imposing sentence.

Thompson was not sentenced under §924(e), but it is hard to see why enhancements under the Sentencing Guidelines should be treated differently. See U.S.S.G. §4A1.2 Application Note 6: "Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law". *Custis* did not articulate an exception for convictions said to be invalid under a recent precedent; its exception is limited to convictions obtained without an offer of counsel.

*Jenkins* observed that a state court had vacated Jenkins's conviction under §5/24-1.6(a)(1). 772 F.3d at 1095. The parties apparently did not discuss the significance of the fact that this vacatur post-dated the federal sentencing, and our opinion did not make anything of the timing. Under *Johnson* the vacatur would have opened a new window for collateral review under 28 U.S.C. §2255(f)(4); perhaps everyone assumed that the pending direct appeal was an appropriate shortcut.

Because Thompson did not suffer prejudice from the consideration of his ninth felony conviction, we need not decide whether *Jenkins* should be extended to a situation, such as ours, in which the defendant has yet to obtain relief from his state conviction. But we trust that, if this subject arises again, the litigants will address the bearing of *Custis* and not assume

(as both sides in this appeal did) that district judges must disregard state convictions that have not been reversed or set aside in any other way.

AFFIRMED