In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1260

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TIMMOTHY WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 09-CR-00090 — **Philip P. Simon**, *Chief Judge.*

SUBMITTED JANUARY 23, 2014[*] — DECIDED FEBRUARY 7, 2014

Before FLAUM, MANION, and KANNE, *Circuit Judges.*

PER CURIAM. Timmothy Williams pleaded guilty to an
indictment charging him with crimes related to identity theft,
and the district court used the guidelines in effect at sentencing
to calculate his imprisonment range. That range was higher

[*] After examining the briefs and record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and
record. *See* FED. R. APP. P. 34(a)(2)(C).

than it would have been if calculated under the guidelines in effect when Williams committed his crimes, but this posed no constitutional problem under our circuit's precedent at the time of sentencing. *See United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). While this case was on appeal, however, the Supreme Court held that applying the guidelines in effect at sentencing violates the *ex post facto* clause if it raises the defendant's imprisonment range. *See Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013).

The government agrees with Williams that, in light of *Peugh*, use of the guidelines in effect at the time of sentencing resulted in plain error. Thus, the only issue here is the nature of the remedy: whether we should remand for resentencing, as Williams urges, or retain jurisdiction and order a limited remand to ask the district court whether it wishes to resentence him, as the government suggests. We conclude that remanding for resentencing is most appropriate.

Williams pleaded guilty to an 11-count indictment that charged him with misusing social security numbers, 42 U.S.C. § 408(a)(7)(B), identity theft, 18 U.S.C. § 1028(a)(7), making a false statement to an IRS agent, 18 U.S.C. § 1001(a)(2), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). The mandatory penalty for aggravated identity theft is a two-year prison term, which must be served consecutively to any other imprisonment imposed. *See* 18 U.S.C. § 1028A(a)(1). For the other counts, the district court calculated an imprisonment range of 37 to 46 months under the 2012 guidelines manual. This range included an upward adjustment under U.S.S.G. § 2B1.1(b)(2)(A) because Williams's crimes involved more than 10 victims. Exercising its discretion to go above the guidelines

range, the court sentenced him to 56 months' imprisonment, in addition to the 24 months imposed for aggravated identity theft.

Williams would not have received the upward adjustment for involving more than 10 victims if the district court had used the guidelines that were in place four years earlier when he committed his crimes. Under those guidelines, a "victim" means a person who has suffered monetary loss or physical harm, U.S.S.G. § 2B1.1 cmt. n.1 (2008), and several of Williams's "victims" experienced neither. Without the upward adjustment, his imprisonment range would have been only 30 to 37 months.

Williams did not raise this issue at sentencing, so on appeal he argues that using the wrong range is plain error that requires remanding for resentencing. No remand would be necessary if the district court had stated that the sentence would remain the same no matter the calculated range, because then the error would be harmless. *See United States v. Burge*, 683 F.3d 829, 834 (7th Cir. 2012); *United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005). But Chief Judge Simon did not say that he would have given the same sentence if the range had been lower. Nor does the record permit us to draw that conclusion. So some type of remand is needed.

The government opposes remanding for resentencing, contending that the judge might have imposed the same sentence anyway because he emphasized that Williams had inflicted serious non-monetary harm and imposed an above-range prison term. But acknowledging uncertainty about what the district court would have done, the government says that

we should retain jurisdiction of this case and issue a limited remand. With this limited remand, the government explains, the judge can tell us whether he would have imposed a shorter sentence under a lower guidelines range.

We have used this approach for certain types of errors, but they are not present here. *See, e.g.*, *Paladino*, 401 F.3d at 483–85; *United States v. Taylor*, 520 F.3d 746, 747–48 (7th Cir. 2008); *United States v. Redmond*, 667 F.3d 863, 876 (7th Cir. 2012). *Paladino*, *Taylor*, and *Redmond* did not involve the incorrect calculation of the guidelines range; unlike this case, the district courts in those cases correctly applied the guidelines but were merely unaware of their discretion to deviate from them. This distinction is significant because the Supreme Court requires district courts to apply the guidelines correctly as a prerequisite to exercising their sentencing discretion. *See Peugh*, 133 S. Ct. at 2080; *Gall v. United States*, 552 U.S. 38, 50 (2007). When a district court errs in determining the guidelines range—which is what happened here, through no fault of the sentencing judge—there is plain error. That error generally requires remanding for resentencing so the district court can receive the correct guidelines advice before sentencing the defendant. *See United States v. Goodwin*, 717 F.3d 511, 520–21 (7th Cir. 2013); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 767 (7th Cir. 2010); *United States v. Avila*, 557 F.3d 809, 822 (7th Cir. 2009); *Garret*, 528 F.3d at 527; *United States v. Hawk*, 434 F.3d 959, 963 (7th Cir. 2006).

The government notes two instances in which we retained jurisdiction and issued a limited remand despite finding plain error in the guidelines calculation. *See United States v. Maxwell*, 724 F.3d 724, 729 (7th Cir. 2013); *United States v. Billian*, 600

F.3d 791, 795 (7th Cir. 2010). But in neither instance did we set up the rule urged by the government that only this limited remand is proper when we find plain error in these circumstances. Our normal practice is to presume that the improperly calculated guidelines range influenced the choice of sentence unless the judge said otherwise at sentencing. *See, e.g., Goodwin*, 717 F.3d at 520–21; *Burge*, 683 F.3d at 834. We continue to follow that approach here and therefore will direct a remand for resentencing so the district court can sentence Williams based on the guidelines range of 30 to 37 months.

Accordingly, the sentence is VACATED, and the case is REMANDED for resentencing consistent with this opinion.