In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2071

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PATRICK S. MCGUIRE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 14-CR-30148-NJR-1 — **Nancy J. Rosenstengel**, *Judge.*

ARGUED MAY 24, 2016 — DECIDED AUGUST 30, 2016

Before ROVNER, SYKES, and HAMILTON, *Circuit Judges*

SYKES, *Circuit Judge*. Patrick McGuire pleaded guilty to a single count of interfering with commerce by threat or violence. At sentencing the district court classified McGuire as a career offender under § 4B1.1(a) of the Sentencing Guidelines, which increases the offense level if the defendant has two prior felony convictions for a "crime of violence." U.S.S.G. § 4B1.1(a) (2014). "Crime of violence" is defined in § 4B1.2 and includes "any offense … that … is burglary of a

dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a)(2) (emphasis added). The emphasized text is known as the residual clause.

The district judge counted two of McGuire's prior convictions as crimes of violence, one of which—a conviction for fleeing the police—qualified only under the residual clause. With the career-offender enhancement in the mix, McGuire's Guidelines range increased from 63–78 months to 151–188 months. Citing McGuire's extensive criminal history, the judge imposed a 188-month sentence. In doing so she noted her surprise that the government hadn't asked for the statutory maximum sentence of 20 years.

McGuire appeals, arguing that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause in the career-offender guideline is unconstitutionally vague. The government agrees and confesses error. In a recent decision circulated to the full court under Circuit Rule 40(e), we also agreed and invalidated § 4B1.2(a)(2)'s residual clause as unconstitutionally vague. *United States v. Hurlburt*, No. 14-3611 (7th Cir. Aug. 29, 2016) (en banc).

Applying *Hurlburt* here, McGuire was wrongly classified as a career offender. As in most cases involving miscalculation of a defendant's Guidelines range, that error warrants full resentencing.

## I. Background

McGuire pleaded guilty to one count of interfering with commerce by threat or violence, which carries a 20-year maximum sentence. *See* 18 U.S.C. § 1951. At sentencing the judge classified McGuire as a career offender based on two

prior felony convictions for crimes of violence. *See* U.S.S.G. § 4B1.1. As relevant here, one of the predicates for the career-offender enhancement—a conviction for fleeing the police—qualified under the residual clause of the crime-of-violence definition in § 4B1.2(a)(2). Applying the enhancement substantially increased McGuire's Guidelines sentencing range, which jumped from 63–78 months to 151–188 months.

The government asked for a sentence at the high end of the range, and the judge agreed that McGuire's extensive criminal history warranted *at least* that:

> But, if anything, I think all of the defense arguments in mitigation, they certainly don't call for anything below the [G]uidelines range. And I'm actually a little surprised that the government isn't seeking the statutory maximum in this case because I think they would have all the argument for why that is appropriate. [1]

The judge sentenced McGuire to 188 months in prison and 3 years of supervised release.

## II. Discussion

McGuire argues that the residual clause in the career-offender guideline is unconstitutionally vague in light of the Supreme Court's decision in *Johnson*. Ordinarily our review would be de novo. *United States v. Boatman*, 786 F.3d 590, 593 (7th Cir. 2015). But McGuire did not raise this challenge at sentencing, so plain-error review applies instead. *United*

---

[1] The judge's assessment was based primarily on McGuire's extensive criminal history: Over the past three decades, he had been found guilty of more than 50 offenses, including 15 felonies.

*States v. Jenkins*, 772 F.3d 1092, 1096 (7th Cir. 2014). That standard requires McGuire to establish "(1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 1097 (quotation marks omitted).

In *Johnson* the Supreme Court invalidated the residual clause in the Armed Career Criminal Act as unconstitutionally vague. 135 S. Ct. at 2563. The residual clause in the career-offender guideline is identical. The government agrees that *Johnson*'s holding applies to § 4B1.2(a)(2)'s residual clause and therefore confesses error in McGuire's case.

In our recent decision in *United States v. Hurlburt*, No. 14-3611, we accepted the government's concession and overruled our circuit precedent in *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), which held that the Sentencing Guidelines are immune from vagueness challenges. Slip op. at *3, 17 (7th Cir. Aug. 29, 2016) (en banc). Applying *Johnson*, we held that the residual clause in the career-offender guideline is unconstitutionally vague.[2] *Id.*

*Hurlburt* resolves the central issue in this case. Relying on an unconstitutional guideline to calculate McGuire's Guidelines range is plain error. *See Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013) (explaining that "whether a legal question was settled or unsettled at the time of trial, 'it is enough that an error be plain at the time of appellate consid-

---

[2] The Sentencing Commission amended the career-offender guideline to remove the residual clause in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015); the amendment became effective August 1, 2016. *See* 81 Fed. Reg. 4741, 4742 (2016).

eration'" (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997))).

The question remains whether the *Johnson* error "affected [McGuire's] substantial rights." *United States v. Goodwin*, 717 F.3d 511, 520 (7th Cir. 2013). To satisfy the prejudice requirement of plain-error review, a defendant typically must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 82 (2004)). "When a defendant is sentenced under an incorrect Guidelines range[,] … the error itself can, *and most often will*, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345 (emphasis added).

There's no question that McGuire was sentenced under an incorrect Guidelines range: Without the career-offender enhancement, McGuire's range drops from 151–188 months to 63–78 months. That's obviously a substantial difference, and McGuire asks us to remand for full resentencing. Here's where the parties' positions diverge. The government argues that in light of the judge's comments at sentencing, it's unclear whether she would have chosen a different sentence had she properly calculated McGuire's Guidelines range. Specifically, the judge noted that she was "actually a little surprised that the government isn't seeking the statutory maximum in this case because … they would have all the argument for why that is appropriate." The government urges us to order a limited remand similar to the procedure we adopted in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The *Paladino* remand was devised in the wake of *United States v. Booker*, 543 U.S. 220 (2005), to determine whether a sentencing judge's misunderstanding of the Guidelines' legal effect implicated the defendant's substantial rights—in other words, whether the judge would have imposed a different sentence had he known that the Guidelines were merely advisory. *Paladino*, 401 F.3d at 483. In holding that a limited remand was the appropriate remedy, we emphasized the unique circumstances that necessitated this solution. We explained:

> [U]nless any of the judges in the cases before us had said in sentencing a defendant pre-*Booker* that he would have given the same sentence even if the [G]uidelines were merely advisory … , it is impossible for a reviewing court to determine—*without consulting the sentencing judge* … —whether the judge would have done that.

*Id.* at 482. Accordingly, we fashioned a limited-remand procedure "to permit the sentencing judge to determine whether he would (if required to resentence) reimpose his original sentence." *Id*. at 484.

Consistent with its origins, a *Paladino* remand is generally not appropriate when the judge's sentencing error involves a *miscalculation* of the defendant's Guidelines range as opposed to a *misunderstanding* of the Sentencing Guidelines' legal effect. *United States v. Williams*, 742 F.3d 304, 307 (7th Cir. 2014); *see also United States v. Adams*, 746 F.3d 734, 743 (7th Cir. 2014). "When a district court incorrectly calculates the [G]uideline[s] range, we normally presume the improperly calculated [G]uideline[s] range influenced the judge's

choice of sentence, unless he says otherwise." *Adams*, 746 F.3d at 743. That presumption follows naturally from the Guidelines' centrality to the sentencing process: "The Guidelines inform and instruct the district court's determination of an appropriate sentence. In the usual case then, the systemic function of the selected Guidelines range will affect the sentence." *Molina-Martinez*, 136 S. Ct. at 1346.

Of course the presumption can be overcome. *See id.* ("The sentencing process is particular to each defendant, of course, and a reviewing court must consider the facts and circumstances of the case before it."). We have sometimes ordered a *Paladino*-style limited remand in cases involving miscalculation of the defendant's Guidelines range when the sentence imposed fell either within or below the correct range, creating ambiguity about whether the miscalculation actually affected the defendant's sentence. *See United States v. Maxwell*, 724 F.3d 724, 728–29 (7th Cir. 2013); *United States v. Billian*, 600 F.3d 791, 794–95 (7th Cir. 2010). But it remains "[o]ur normal practice … to presume that the improperly calculated [G]uidelines range influenced the choice of sentence unless the judge said otherwise at sentencing." *Williams*, 742 F.3d at 307.

McGuire's sentence (188 months) falls far *above* the correct range (63–78 months), so there's no ambiguity on that front. And the judge did note that she was surprised the government had not requested the statutory maximum of 20 years. However, she also explicitly cited McGuire's (miscalculated) Guidelines range to justify the 188-month sentence: "[I]f I look at the [G]uidelines … as I must, I think a high end sentence … will be sufficient." On this record we see no reason to depart from the usual presumption that the

judge's miscalculation of McGuire's Guidelines range influenced her choice of sentence. And to the extent that the miscalculation resulted in a higher Guidelines range, it seriously affected the integrity of the proceedings. *See United States v. Garrett*, 528 F.3d 525, 530 (7th Cir. 2008).

Accordingly, we VACATE McGuire's sentence and REMAND for full resentencing.

HAMILTON, *Circuit Judge*, concurring. While I dissented in *United States v. Hurlburt*, No. 14-3611, — F.3d — (7th Cir. 2016) (en banc), it is now the law of the circuit. As Judge Sykes explains, it requires a remand in this case for re-sentencing. On remand, however, the district judge will have the power and the right to impose the same sentence she did in the first place. See *Hurlburt*, slip op. at 25–26, — F.3d at — (Hamilton, J., dissenting). The *advice* from the Sentencing Guidelines will be different on remand, but that should not necessarily change the judge's assessment of the relevant sentencing factors under 18 U.S.C. § 3553(a). In particular, the criminal history provisions in the Guidelines have always been somewhat arbitrary. (For example, a defendant receives the same three points for a bar fight that produced a fourteen-month sentence and a first-degree murder conviction. See U.S.S.G. § 4A1.1.) That's why the Guidelines have always encouraged departures on the basis that a defendant's guideline calculation of criminal history is under- or over-representative. U.S.S.G. § 4A1.3. On remand, the judge needs to exercise her judgment under § 3553(a).