NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 29, 2016

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1140

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 12 CR 00110 |
| JOSEPH OLIVO, *Defendant-Appellant* | Jon E. DeGuilio, *Judge.* |

**O R D E R**

Joseph Olivo pled guilty to conspiring to distribute marijuana, possessing marijuana with intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and possessing a firearm as a felon. The district court concluded that Olivo was a career offender under the United States Sentencing Guidelines, and that determination resulted in an advisory guidelines range of 292 to 365 months' imprisonment. The district court sentenced Olivo to 292 months. On appeal, we rejected Olivo's challenge to the district court's denial of his motion to suppress evidence seized at his home, and we affirmed his conviction. *United States v. Olivo*, 597 F. App'x 878 (7th Cir. 2015) (unpublished).

The Supreme Court later ruled in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The Court then granted Olivo's petition for a writ of certiorari and remanded his case to us for further consideration in light of *Johnson.* Like the ACCA's residual clause, the career offender guideline under which Olivo was sentenced provides in its residual clause that a qualifying offense includes an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.1(a)(2) (2013). The parties filed a joint Rule 54 statement of position that asked us to hold Olivo's case pending resolution of *United States v. Hurlburt*, No. 14-3611, *United States v. Gillespie*, No. 15-1686, and *United States v. McGuire*, No. 15-2071, and to resolve Olivo's case in similar fashion.

We have now decided those cases. We ruled that *Johnson*'s holding that the ACCA's residual clause is unconstitutionally vague applies to the parallel residual clause in U.S.S.G. § 4B1.2(a)(1) and that it too is unconstitutionally vague. *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (en banc).[1] Because the *Hurlburt* defendants, like Olivo, had not raised a *Johnson*-type argument before the district court, we applied plain error review. *Id.* at 719. (*Johnson* was decided after the defendants were sentenced.) To succeed on plain error review, the *Hurlburt* defendants needed to show that the error affected their substantial rights, meaning in these circumstances a showing of "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 725 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). We recognized that when "'a district court incorrectly calculates the guidelines range, we normally presume the improperly calculated guidelines range influenced the judge's choice of sentence, unless he says otherwise.'" *Id.* at 726 (quoting *United States v. Adams*, 746 F.3d 734, 743 (7th Cir. 2014) (internal brackets omitted)). As neither judge said otherwise, we vacated both defendants' sentences and remanded for a full resentencing. *Id.* We followed a similar approach in *United States v. McGuire*, 835 F.3d 756 (7th Cir. 2016).

---

[1] We issued our decision in *Hurlburt* while recognizing that the Supreme Court had granted certiorari in a case on collateral review that asked whether *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* 835 F.3d at 720 (citing *Beckles v. United States*, 616 F. App'x. 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016)). *Beckles* remains pending in the Supreme Court.

Here, the presentence report concluded that Olivo was a career offender under the guidelines because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense, *see* U.S.S.G. § 4B1.1(a), and the judge agreed. Olivo has multiple prior felony convictions, but at least two were only qualifying felonies under the now-unconstitutional residual clause. The Supreme Court previously ruled that resisting law enforcement by flight is only a qualifying ACCA felony under the residual clause. *Sykes v. United States*, 564 U.S. 1 (2011). And we found that criminal recklessness can only qualify as a predicate crime as a residual clause offense. *United States v. Clinton*, 591 F.3d 968, 972–74 (7th Cir. 2010). As a result, the parties agreed that if *Johnson*'s holding applies to the Sentencing Guidelines, as we have now ruled it does, those convictions no longer count as crimes of violence for career offender purposes. The parties also agreed that under those circumstances the district court would need to further review the record and the charging documents for Olivo's other offenses to decide whether he remains a career offender, as well as whether a change in Olivo's career offender classification would change the sentence. We agree with this approach. With some previously qualifying convictions now out of the picture, the district court will need to reassess whether Olivo remains a career offender. And as in *Hurlburt* and *McGuire*, it is not clear from the sentencing transcript whether the career offender designation influenced the judge's choice of sentence.

Accordingly, we VACATE Olivo's sentence and REMAND for resentencing.