┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017
Decided January 11, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1446

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:09CR90-001 |
| TIMMOTHY WILLIAMS, *Defendant-Appellant*. | Philip P. Simon, *Chief Judge*. |

## O R D E R

Five years ago Timmothy Williams pleaded guilty to misusing social security numbers, 42 U.S.C. § 408(a)(7)(B); identity theft, 18 U.S.C. § 1028(a)(7); aggravated identity theft, *id.* § 1028A(a)(1); and making a false statement to the IRS, *id.* § 1001(a)(2). Underlying the charged counts, Williams had used identifying information, including social security numbers, to obtain state identification cards in the names of six victims, which he then used to withdraw money from their bank accounts. He also used one of the victim's identifying information to obtain a credit card and another victim's identifiers to obtain a tax transcript from the IRS. The district court sentenced Williams to a total of 80 months' imprisonment, but twice we remanded for resentencing. The first

time we concluded that the district court had erred in applying the current version of the sentencing guidelines rather than the more-favorable version applicable when Williams committed the crimes. *United States v. Williams*, 742 F.3d 304 (7th Cir. 2014). Then after the district court had reimposed the same sentence (as before, a variance above the guidelines range), we granted the parties' joint motion for resentencing in light of *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), because of problematic conditions of supervised release. *United States v. Williams*, No. 14-2916 (7th Cir. Mar. 4, 2015). On remand the district court revised the conditions of supervised release but again sentenced Williams to a total of 80 months' imprisonment.

Williams filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Williams has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the potential issues that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We agree with counsel that this third appeal is frivolous.

Counsel first considers whether Williams could argue that the district court miscalculated the loss amount under U.S.S.G. § 2B1.1(b)(1). Over Williams' objection, the court adopted the probation officer's loss calculation of roughly $74,000. That amount includes $22,000 that Williams withdrew from his victims' bank accounts, approximately $40,000 in other cash and merchandise he admittedly obtained through the same scheme, and another $12,000 he tried to get by submitting fraudulent applications for a tax refund and a refund anticipation loan.

In calculating loss a district court must take the greater of the actual or intended loss. *See* U.S.S.G. § 2B1.1 cmt. n.3(A); *United States v. Pu*, 814 F.3d 818, 824 (7th Cir. 2016). Actual loss "means the reasonably foreseeable pecuniary harm that resulted from the offense," while intended loss means "the pecuniary harm that the defendant purposely sought to inflict" and "includes intended pecuniary harm that would have been impossible or unlikely to occur." U.S.S.G. § 2B1.1 cmt. n.3(A)(i)-(ii). Here, the greater of the two amounts was the intended loss (everything that Williams *tried* to obtain, whether successful or not). That is the figure the district court used, making any claim about the loss calculation frivolous.

Counsel next considers, but rejects as frivolous, an appellate challenge to the reasonableness of Williams' above-guidelines sentence. We agree that this argument would be frivolous. We will uphold a sentence if the district court properly calculated the guidelines range, reasonably applied the factors in 18 U.S.C. § 3553(a), and satisfactorily explained the chosen penalty. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Vaughn*, 614 F.3d 412, 414 (7th Cir. 2010). In this case the district court calculated a total imprisonment range of 54 to 61 months and then concluded that a higher sentence was necessary to account for the emotional stress unaddressed by the guidelines as well as the substantial inconvenience that Williams had caused his victims, since each spent time and money unwinding fraudulent transactions, repairing credit records, and changing bank account information. The above-guidelines sentence also was necessary, the court explained, to take into account Williams' lofty criminal history, which at Category VI still underrepresents his continuous criminal activity and omits criminal history points for some convictions that were grouped rather than counted separately. *See* U.S.S.G. § 4A1.3(a)(2)(A). And these concerns were not offset, the court reasoned, by Williams' plea for a lower sentence because of degenerative knee impairments and his troubled upbringing, which included the murder of his mother, sexual abuse, and a multitude of residential placements with relatives or in group homes or foster care. Williams is receiving appropriate medical care in prison, the court reasoned, and also the need for punishment and to protect the public outweighs his tumultuous upbringing. That explanation sufficiently justifies the sentence imposed.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.