NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1646

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-185-RTR-01 |
| ALEXANDER A. SALINAS, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Alexander Salinas had recently been released from prison when he accidently left his loaded semi-automatic handgun at the home of a former girlfriend, who found it and called the police. The former girlfriend told responding officers that the gun belonged to Salinas, and she showed them his text messages demanding it back. Salinas was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), pleaded guilty, and was sentenced to 120 months' imprisonment. He filed a notice of appeal, but his appointed

lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Salinas has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel notes that Salinas does not want his guilty plea vacated and therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does consider whether Salinas could challenge his overall prison sentence but cannot point to any procedural error in the district court's calculation of the guideline imprisonment range. The district court calculated Salinas' guideline range at 120–150 months based on a total offense level of 26 (20 for having previously been convicted of a drug offense, *see* U.S.S.G. § 2K2.1(a)(4)(A), plus two levels because the gun was stolen, and four more because the gun's serial number had been obliterated, *see* U.S.S.G. § 2K2.1(b)(4)(A)–(B)) and a criminal history category of VI.

Counsel addresses the possibility that the district court erred by increasing Salinas' offense level on the basis that the gun was stolen. *See* U.S.S.G. § 2K2.1(b)(4)(A). The court's conclusion that the gun was stolen rested on the last known owner's statement to that effect. We agree with counsel that this evidence was sufficiently reliable to support the court's finding. *See United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005). Whether Salinas knew the gun was stolen is irrelevant; the guideline provision has no scienter requirement. *See* U.S.S.G. § 2K2.1 cmt. n.8; *United States v. Statham*, 581 F.3d 548, 553 (7th Cir. 2009); *United States v. Schnell*, 982 F.2d 216, 217 (7th Cir. 1992).

Next counsel addresses the possibility that Salinas' offense level should not have been increased on the basis that the gun's serial number was "altered or obliterated." *See* U.S.S.G. § 2K2.1(b)(4)(B). She points out that the serial number, though filed off, was recovered by the Milwaukee Crime Lab. But a firearm's serial number is "altered or obliterated" for purposes of § 2K2.1(b)(4)(B) if it has been "materially changed in a way that makes accurate information less accessible." *United States v. Perez*, 585 F.3d 880, 884 (5th Cir. 2009) (quoting *United States v. Carter*, 421 F.3d 909, 910 (9th Cir. 2005)); *see United States v. Jones*, 643 F.3d 257, 258-59 (8th Cir. 2011). The serial number on Salinas' gun, made to be unreadable by the naked eye, easily meets this standard.

Counsel also considers whether the district court improperly denied Salinas an offense-level reduction for acceptance of responsibility. The court denied Salinas the reduction as a result of his behavior when out on bail: He was arrested for battering and sexual assaulting a woman in front of her five-year-old daughter; he failed to report for mandatory drug tests; he missed court dates; and he maintained his relationship with the Latin Kings street gang. Such activities while on pretrial release are inconsistent with acceptance of responsibility. *See United States v. King*, 506 F.3d 532, 536 (7th Cir. 2007); *United States v. McDonald*, 22 F.3d 139, 141–42 (7th Cir. 1994). We agree with counsel that

any challenge to the denial of the adjustment for acceptance of responsibility would be frivolous.

Counsel last considers whether Salinas could challenge the reasonableness of his sentence but properly concludes that such a challenge would be frivolous. Salinas' within-range, 120-month sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and we are presented with no reason to set aside the presumption here. The district court meaningfully considered the sentencing factors in 18 U.S.C. § 3553(a), noting on the one hand the seriousness of Salinas' offense, his long association with the Latin Kings, and his escalating drug abuse, and on the other hand, his loving relationship with his family.

Counsel's motion to withdraw is GRANTED, Salinas' request for substitute counsel is DENIED, and the appeal is DISMISSED.