In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3752

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CEDRIC HAYES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 16 CR 50002 — **Frederick J. Kapala**, *Judge.*

ARGUED SEPTEMBER 6, 2017 — DECIDED OCTOBER 3, 2017

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* Cedric Hayes pleaded guilty to one
count of being a felon in possession of a firearm, in violation of
18 U.S.C. § 922(g)(1). He now challenges his sentence, arguing
that the district court erred in applying an enhancement to his
base offense level under § 2K2.1(b)(4)(B) of the United States
Sentencing Commission Guidelines. That section, which

applies to offenses involving firearms, states that a four-level enhancement is appropriate where a firearm's serial number has been "altered or obliterated." Hayes also challenges the district court's calculation of his criminal history category.

## I.  BACKGROUND

On February 2, 2016, a grand jury indicted Hayes on two counts of being a felon in possession of a firearm. On June 28, 2016, as part of a plea agreement, Hayes pleaded guilty to Count Two of the indictment, which specifically charged him with possessing a model AK-47 rifle.

In its recitation of the facts, the plea agreement stated that the serial number on the AK-47 "had been covered by a paint-like substance that prevented the serial number from being visible." It was the government's position that Hayes' offense level should increase by four, pursuant to § 2K2.1(b)(4)(B) of the Guidelines, because the serial number was "altered or obliterated." The plea agreement noted, however, that Hayes disagreed that the enhancement should apply.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). The PSR's factual findings repeated the statement from the plea agreement that the serial number was not visible because it was covered by a "paint-like substance." Based on that finding, the PSR recommended that the court apply the § 2K2.1(b)(4)(B) enhancement.

In his sentencing memorandum, Hayes conceded that the AK-47's serial number was covered in a paint-like substance, but argued that because the serial number was not "physically

altered," the enhancement should not apply. As support for that argument, Hayes noted that the Forensic Science Laboratory of the Bureau of Alcohol, Tobacco, Firearms, and Explosives applied a "chemical solvent and light polishing" to the gun, which ultimately revealed the serial number.

On October 17, 2016, the district court held a sentencing hearing. The court acknowledged Hayes' objection, but accepted the position of the PSR and the government that the AK-47's serial number was "altered or obliterated" for purposes of § 2K2.1(b)(4)(B). The court adopted the Guidelines calculation contained in the PSR, finding that Hayes' offense level was 23, and his criminal history category was five. The resulting Guidelines range was 84 to 105 months' imprisonment. After hearing from Hayes and addressing the factors to be considered under 18 U.S.C. § 3553(a), the court imposed a sentence of 94 months' imprisonment. Hayes timely appealed.

## II.  DISCUSSION

### A.  Base Offense Level Enhancement

Hayes' first argument on appeal is that the district court erred in finding that the AK-47's serial number had been "altered or obliterated" pursuant to § 2K2.1(b)(4)(B) of the Guidelines. "We review *de novo* the district court's legal interpretation of sentencing guidelines and review factual findings for clear error." *United States v. Harris*, 718 F.3d 698, 703 (7th Cir. 2013) (citation omitted).

As an initial matter, Hayes contends that the court improperly accepted as true, without requesting additional evidence, the fact that the gun's serial number was covered by paint.

There is simply no merit to this argument because, although challenging the applicability of the enhancement, Hayes had conceded the underlying factual basis multiple times. He signed the plea agreement, in which he admitted the AK-47's "serial number had been covered by a paint-like substance that prevented the serial number from being visible." The PSR also contained the same sentence, and at the sentencing hearing, Hayes expressly told the court that he had no disputes with the PSR's factual findings. Finally, his own sentencing memorandum stated that he "concedes [the AK-47] appeared to be covered in a paint-like substance, which covered the serial number." The district court did not err in accepting this undisputed fact as set forth in the plea agreement, the PSR, and Hayes' own memorandum.

We turn, then, to the issue of whether § 2K2.1(b)(4)(B)'s use of "altered or obliterated" contemplates a serial number that has been covered by a substance that prevents it from being visible. Neither the Guidelines nor their Application Notes provide definitions of "altered or obliterated" or any other helpful guidance. We have, however, previously addressed the parameters of this language, albeit in an unpublished opinion.

In *United States v. Salinas*, we held that "a firearm's serial number is 'altered or obliterated' for purposes of § 2K2.1(b)(4)(B) if it has been 'materially changed in a way that makes accurate information less accessible.'" 462 F. App'x 635, 637 (7th Cir. 2012) (quoting *United States v. Perez*, 585 F.3d 880, 884 (5th Cir. 2009)). The serial number at issue in that case had been filed off, but ultimately was recovered by the Milwaukee Crime Lab. *Id.* However, because the filing made it "unreadable by the naked eye," we found that it was "altered or

obliterated" under the Guidelines. The result in that case was supported by similar holdings from three of our sister circuits, each of which emphasized that the relevant inquiry is whether there has been a material change to a serial number "that makes accurate information less accessible." *See United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005); *Perez*, 585 F.3d at 884; *United States v. Jones*, 643 F.3d 257, 258–59 (8th Cir. 2011).

On the record before us, the extent of what we know about the serial number is that it was not visible because it was covered with a "paint-like substance," and that forensic specialists had to use a "chemical solvent" to uncover it. Based on that limited factual detail, we conclude that the AK-47's serial number was materially changed in a way that made the accurate information less accessible. Therefore, the § 2K2.1(b)(4)(B) enhancement should apply.

In reaching that conclusion, we reject Hayes' interpretation of the "altered or obliterated" language, which would limit its application to cases where the serial number has been completely destroyed or where one digit has been changed to another. Instead, we agree with the Ninth Circuit's assessment that "[i]rrespective of how 'obliterated' is construed, 'altered' surely requires a lesser degree of defacement." *Carter*, 421 F.3d at 912. Hayes argues that a stricter construction is demanded by reading "altered or obliterated" as a single phrase, which, according to Hayes, indicates the Sentencing Commission's intent to limit the enhancement's application to the situations he proposes. That analysis, however, ignores the presence of the word "or," which demonstrates that either term, individually, can serve as a basis for application of the enhancement. *Id.* at 911 (noting that the language is "presented in the disjunc-

tive" and holding that "even if we were to construe 'obliter-ated' as Carter urges … the sentence enhancement properly applies so long as the serial number is merely 'altered'").

Hayes' proposed construction also belies the underlying purposes of § 2K2.1(b)(4)(B). In *Carter*, the Ninth Circuit explained that the legislative purpose of the enhancement was to discourage the use of untraceable weaponry. 421 F.3d at 914 (citing *United States v. Seesing*, 234 F.3d 456, 460 (9th Cir. 2001)). It clarified, however, that "[t]his purpose is advanced not only by punishing those who possess untraceable firearms, but also by punishing those who possess firearms that are more difficult, though not impossible, to trace … ." *Id*. Accordingly, any material change that makes the serial number less accessi-ble, thereby making the firearm harder to trace, fits § 2K2.1(b)(4)(B)'s intended definition of "altered or obliter-ated." *Id*. at 915–16. Covering a firearm's serial number with a "paint-like substance," the removal of which requires a chemical solvent, surely makes that firearm more difficult to trace. The AK-47's serial number, therefore, was "altered or obliterated" for purposes of § 2K2.1(b)(4)(B).

## B. Criminal History Calculation

Hayes' second argument on appeal is that the district court erred in assessing three criminal history points based on a prior state-court conviction for aggravated unlawful use of a weapon. Hayes failed to object to the criminal history calcula-tion in the district court, but the government does not contend that he waived his argument. Typically, where a defendant does not object to his criminal history calculation in the district court, we treat the objection as forfeited and review for plain

error. *See, e.g.*, *United States v. Brown*, 865 F.3d 566, 575 (7th Cir. 2017); *United States v. Gill*, 824 F.3d 653, 660 (7th Cir. 2016). Under that standard, we will reverse only where: "(1) there is an error; (2) the error is clear or obvious; (3) the error affected the defendant's substantial rights; and (4) the error seriously impugns the fairness, integrity, or public reputation of the proceedings." *Brown*, 865 F.3d at 575 (citation omitted).

In 2003, Hayes was convicted in Illinois state court of aggravated unlawful use of a weapon, in violation of 720 ILCS 5/24-1.6. Based on that conviction, the PSR recommended, and the district court assessed, three criminal history points in Hayes' Guidelines calculation. After the 2003 conviction, however, both this Court and the Illinois Supreme Court have held that the Illinois statute is unconstitutional. *See Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012); *People v. Aguilar*, 2 N.E.3d 321, 328 (Ill. 2013).

Hayes argues, and the government agrees, that the court erred in assessing criminal history points based on a conviction under an unconstitutional statute. Indeed, the Guidelines themselves instruct that convictions that are ruled unconstitutional are not to be counted in calculating a defendant's criminal history. U.S.S.G. § 4A1.2, Application Note 6. Thus, we agree that the court erred in assessing criminal history points based on this conviction. *See United States v. Jenkins*, 772 F.3d 1092, 1098 (7th Cir. 2014). We have consistently held that this type of error, which leads to an incorrect Guidelines calculation, constitutes plain error on review. *Brown*, 865 F.3d at 575 (citing *Jenkins*, 772 F.3d at 1098). Therefore, we must remand for resentencing.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's application of the base offense level enhancement under U.S.S.G. § 2K2.1(b)(4)(B), but REMAND for resentencing based on the improper assessment of criminal history points for Hayes' prior conviction under 720 ILCS 5/24-1.6.