NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022
Decided September 16, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1120

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-cr-00603(1) |
| LAMONT WILLIAMS, *Defendant-Appellant*. | John J. Tharp, Jr., *Judge*. |

**O R D E R**

Lamont Williams pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 72 months in prison and two years of supervised release. Williams appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and the issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, and Williams has

not raised other potential issues, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In April 2019, Chicago police officers stopped the car Williams was driving for running a red light. As they approached, they saw him shove a handgun onto the floor of the backseat. Williams had one passenger, his sister. The officers searched the car and found a loaded pistol with a defaced serial number, which they were later able to read after applying a chemical agent to it. Williams was arrested and detained at the Cook County Jail. During multiple recorded phone calls from the jail, Williams directed his sister to tell investigators that the pistol was not his.

Later, while out on bond, Williams violated the terms of his pretrial release by driving a car containing a different gun loaded with armor-piercing bullets, then fleeing the scene when he was pulled over for a traffic violation. He was arrested four days later on a bench warrant, and his bond was revoked.

In connection with the first arrest, Williams pleaded guilty to violating 18 U.S.C. § 922(g)(1). The presentence investigation report determined that his base offense level was 20 because he had a prior Illinois conviction for armed robbery, 720 ILCS 5/18-1(a), which was a crime of violence for guidelines purposes. *See* U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a). The PSR also recommended a four-level adjustment for altering the serial number and a two-level adjustment for obstructing justice. *See* U.S.S.G. §§ 2K2.1(b)(4)(B), 3C1.1. In total, because Williams received no reduction for acceptance of responsibility, the offense level was 26. Williams's relevant criminal history put him in criminal history category III, which led to a range of 78–97 months' imprisonment.

The court adopted the PSR's recommendations over several of Williams's objections. First, the court rejected the argument that his armed-robbery conviction was not a crime of violence under the guidelines. Williams also objected to the adjustment for a defaced serial number because the police ultimately discerned the number, but the court concluded that any material alteration of a serial number suffices. The court also declined to grant Williams a reduction for acceptance of responsibility because, in its view, Williams attempted to avoid responsibility by obstructing justice, and his recent criminal activity showed that he continued to flout the law.

Before imposing the sentence, the court considered Williams's arguments in mitigation but found they were outweighed by his failure to accept responsibility, his criminal history, and his risk of recidivism. Still, the court imposed a below-guidelines

sentence because Williams did not flee the police during the first stop, he did not use the gun, and the serial-number enhancement overstated the seriousness of the offense when no evidence showed that Williams altered the number himself.

Counsel first informs us that he consulted with Williams and confirmed that he wishes to challenge only his sentence, not his conviction. Counsel thus properly refrains from discussing the validity of the guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Williams could raise a non-frivolous argument that his sentence is procedurally unsound and rightly concludes that he could not. Williams's base offense level was 20 because his Illinois robbery conviction was, as the court concluded, a "crime of violence" under the guidelines. U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(a). The same offense is a "violent felony" under the Armed Career Criminal Act. *See Klikno v. United States*, 928 F.3d 539, 549 (7th Cir. 2019). And the definitions of "violent felony" and "crime of violence" cover the same conduct. *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016).

Counsel also rightly finds no non-frivolous basis for challenging the adjustments that resulted in a higher guidelines range. The four-level adjustment for altering a firearm's serial number applies whenever the number has been made less accessible, *United States v. Hayes*, 872 F.3d 843, 847 (7th Cir. 2017), making it immaterial that officers here were later able to recover the number. *See* U.S.S.G. § 2K2.1(b)(4)(B). The two-level increase for obstructing justice was also warranted because Williams attempted to impede an investigation by telling his sister to lie. *See* U.S.S.G. § 3C1.1. Relatedly, counsel is correct that the court's refusal to grant him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) is consistent with our precedent. A defendant who obstructs justice is presumed not to have accepted responsibility, *United States v. Mayberry*, 272 F.3d 945, 949 (7th Cir. 2001), and here the court further explained that Williams violating the terms of his pretrial release (by driving around with another firearm and fleeing police) also reflected a lack of accountability.

Counsel next explains that Williams's previous robbery conviction earned him three criminal-history points and a conviction for driving under the influence yielded another. *See* U.S.S.G. § 4A1.1(a), (c). Additionally, Williams's 72-month prison sentence was below the statutory maximum, *see* 18 U.S.C. § 924(a)(2), as was his two-year term of supervised release, *see* 18 U.S.C. § 3583(b)(2), and the court did not base the sentence on

any clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Therefore, counsel concludes, and we agree, that it would be frivolous to assert a procedural error.

Counsel last considers whether Williams could plausibly challenge his sentence as substantively unreasonable and correctly concludes that he could not. Because Williams received a below-guidelines sentence, we would presume that it is not unreasonably long, *see United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019), and counsel demonstrates that there is nothing in the record to rebut that presumption. The court considered the 18 U.S.C. § 3553(a) factors in explaining why the sentence was appropriate. *See Gall*, 552 U.S. at 49–50. Although the court did not conduct a lengthy § 3553(a) analysis separately for the term of supervised release, "[t]here is no need to justify separately terms of imprisonment and supervised release when the same explanation reasonably supports both." *United States v. Manyfield*, 961 F.3d 993, 997 (7th Cir. 2020). The court also adequately explained the sentence: it weighed Williams's arguments in mitigation against his pretrial conduct, his criminal history, and his risk of recidivism. Lastly, counsel correctly explains that because Williams agreed to the conditions of his supervised release when he was given an opportunity to object to them, any appellate challenge to the conditions is waived. *See United States v. Flores*, 929 F.3d 443, 448-50 (7th Cir. 2019).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.